THOMPSON, Presiding. Judge,
dissenting.
The evidence in this case indicates that, from his job as an engineer with the De *1100 partment of the Army and his job with the Army National Guard, Robert Joseph Rodgers (“the husband”) earns a combined gross salary of approximately $128,000 annually. Dawn Elizabeth Rodgers (“the wife”) earns a net annual salary of approximately $16,800 by working at a gym and teaching fitness classes. She testified that she has attempted to obtain more lucrative employment but has not yet been successful. The wife stated that she has been limited in her job choices because of her lack of a college education and the type of job experience she has.
The undisputed evidence demonstrates that, early in the marriage, the parties agreed that the wife would hot continue pursuing her degree in accounting but instead would work to support-the parties while the husband completed his engineering degree.- The wife testified that, at. that time, she would work two or three jobs at a time to enable the husband to be a full-time student. The husband did serve part time in the Army National Guard.
Additionally, evidence indicates that, after the husband finished college, the wife continued to work until the parties’" first child was born. The evidence is undisputed that the parties agreed at that time that the wife would not'Work outside the" home. The wife remained out of the workforce for the next eight years, until the parties’ younger child began kindergarten.
At the time the parties separated, they livéd in a home that the wife estimated had a fair market value of approximately $175,000. The husband did not dispute the wife’s estimation. The older "child, who was -16 years old' at the time of the trial, was enrolled in private school. The younger child, who was 13 years old at the time of the trial, had also been enrolled in private school when the parties separated in 2012, but she was in public school at the time of the trial. ■ Other evidence indicated that, in the fall of 2009, before the parties separated, they had taken a family vacation to Disney World. Later, the husband said, he and the wife went on what he called a second honeymoon to South Miami Beach.
From the totality of the evidence, I believe an inference can be drawn that the parties had a comfortable, but not extravagant, standard of living during their marriage of more than 20 years. Furthermore, the evidence presented supports the conclusion that the husband was able to earn a comfortable, living because of the decisions the parties made together early in the marriage that enabled the husband to complete his degree and have a success-, ful career. Based on the resulting differences in their educations and job experience, the parties have disparate earning capabilities.
At the time of the trial of this matter, the husband annually - earned more than $100,000 more than the wife. Evidence indicates that the wife cannot meet her monthly expenses based on the current monthly salaries from her two jobs. On the other hand, evidence indicated that, after paying his monthly expenses, the husband still had $2,000 a month. .
Because issues of alimony and property division must be considered together, Ray v. Ray, 176 So.3d 1229, 1233 (Ala.Civ.App.2015), I also reviewed the division of marital assets set forth in the judgment. The property division appears to be relatively equal; therefore, I cannot say that the wife received a greater share of the marital property in lieu of periodic alimony or that the property division so favored the wife that it offset her need for periodic alimony.
Based on the substantial difference in the parties’ incomes, the substantial differences in their relative earning capacities, *1101 the reasons for those differences, and the lifestyle the parties enjoyed before they separated, I believe that refusing to award the wife any periodic alimony constitutes an abuse of discretion. Accordingly, I would reverse the judgment of the trial court. For that reason, I respectfully dissent.